# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 4130 | **DATE** | 8/31/2000 |
| **CASE TITLE** | USA, ex rel. Vaughn Washington vs. Roger D. Coan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Petitioner's application for federal *habeas* relief is dismissed and the writ denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 1 2000 | 43 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 AUG 31 PM 12: 34 | 8/31/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 1 2000

UNITED STATES OF AMERICA, ex rel. )
VAUGHN WASHINGTON, )
)
Petitioner, )
)
v. ) No. 96 C 4130
)
ROGER D. COAN, ) Judge Rebecca R. Pallmeyer
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner, Vaughn Washington ("Washington") was convicted of murder and sentenced to natural life in prison. Now incarcerated at the Menard Correctional Center, Menard, Illinois, Washington brings this petition for *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] His application raises 22 grounds for relief. The parties agree that these grounds may be fairly categorized into three basic claims: (1) there was insufficient proof of Petitioner's guilt; (2) trial counsel was ineffective for failing to properly admonish Petitioner regarding the consequences of being sentenced under the Illinois Habitual Criminal Act (the "Act"); and (3) the Act is unconstitutional, or was misapplied, for various reasons. For the following reasons, the court denies Petitioner's application.

## FACTUAL BACKGROUND

On December 15, 1981, following a bench trial in the Circuit Court of Cook County,

---

[1] Petitioner's initial application invoked 28 U.S.C. § 2255, but that section only provides remedies for prisoners in federal custody. As Petitioner is in state custody, the court will apply 28 U.S.C. § 2254, which provides federal remedies for prisoners in state custody.



Illinois, Petitioner was convicted of murder and armed violence. (Petition for Writ of Habeas Corpus ("Petition") ¶¶ 2, 4.) Specifically, Petitioner was convicted of killing a security guard during a struggle at a McDonald's restaurant. On January 12, 1982, Petitioner was sentenced to life in prison without parole pursuant to the Illinois Habitual Criminal Act (hereinafter "the Act" ).[2] (Petition ¶ 3.) Petitioner appealed, raising eight issues: (1) the evidence was insufficient to prove him guilty of murder; (2) he was improperly sentenced as an habitual criminal based, in part, on his prior conviction for attempted murder; (3) the Illinois Habitual Criminal Act is unconstitutional because it fails to require adequate notice to a defendant and because it places the burden of proof on the defendant to disprove the existence of a prior offense used to trigger the life sentence; (4) the Act violates the separation of powers doctrine by vesting sentencing authority with the prosecution; (5) the Act violates due process and the Eighth Amendment because it does not allow for consideration of personal characteristics and the circumstances of the offense; (6) the Act violates the Constitutional provisions against *ex post facto* and double jeopardy by the use of prior convictions; (7) the trial judge denied Petitioner his statutory and due process rights by failing to afford a hearing on the validity of Petitioner's prior convictions; and (8) Petitioner's conviction for armed violence violated the Illinois one act/one crime principle. (Traverse/Reply to Respondent's Answer

---

[2] The Illinois Habitual Criminal Act provides that a person who has been convicted twice previously of criminal assault, murder, or another offense classified as a Class X felony, and who is again convicted of one of these offenses, shall be sentenced to life in prison as an habitual criminal upon a finding of guilt on the most recent offense. 720 ILCS 5/22 B-1. Defendant had previously been convicted of attempted murder and armed robbery, both Class X felonies.

("Petitioner's Reply") ¶ 3.)

In a published opinion issued on June 21, 1984, *People v. Washington*, 125 Ill. App.3d 109, 465 N.E.2d 666 (1st Dist. 1984), the Illinois Appellate Court, First District, reversed Petitioner's conviction for armed violence but affirmed his conviction for murder and his life sentence as an habitual criminal. *(Id.* ¶ 4.)

Petitioner sought leave to appeal to the Illinois Supreme Court. In his petition to the Supreme Court, he raised only three of the issues he had raised in the Appellate Court. (Amended Answer ¶ 5.) Specifically, he advanced the claims that: (1) the Act is unconstitutional because it does not provide adequate notice that a defendant is eligible to be sentenced to life in prison without parole and does not require the prosecution to prove the prior convictions beyond a reasonable doubt; (2) the Act unconstitutionally places sentencing power in the hands of the prosecutor; and (3) the Act unconstitutionally forbids consideration of an offender's personal characteristics and the circumstances of the offense. (Amended Answer, Ex. B.) On November 30, 1984, the Illinois Supreme Court denied Petitioner leave to appeal. (Amended Answer, Ex. C.)

On September 26, 1986, Petitioner filed a *pro se* petition for relief pursuant to the Illinois Post-Conviction Hearing Act. (Petitioner's Reply ¶ 5.) In that petition, he raised the same three issues which had been the basis for his earlier request for leave to appeal to the Illinois Supreme Court and five more claims, namely: (4) the Act violates the Constitutional provisions against *ex post facto* laws by the use of prior convictions; (5) the Act was passed in violation of the single-subject clause and the three-readings clause of the Illinois Constitution;

3

(6) he had been denied the effective assistance of counsel; (7) his prior convictions had each resulted from an involuntary guilty plea; and (8) his jury waiver in the instant cause had been involuntary. (Petitioner's Reply, Ex. C.) Counsel was appointed and subsequently filed an amended post-conviction petition asserting the same claims. (Amended Answer ¶ 7.) On April 15, 1993, the trial judge granted the People's motion to dismiss the petition. (Amended Answer, Ex. H.)

Petitioner appealed, through counsel, raising only the issue of whether his jury waiver was involuntary. (Amended Answer, Exs. F, G.) In an unpublished order issued on June 30, 1995, the Illinois Appellate Court, First District, affirmed the order of the trial judge. The trial court held that Petitioner had waived the voluntariness claim and that, in the alternative, the claim was without merit. (Amended Answer, Ex. H.)

Petitioner, representing himself, again sought leave to appeal to the Illinois Supreme Court, again only raising the issue of whether his jury waiver was involuntary. (Amended Answer, Ex. I.) On June 1, 1995, the Illinois Supreme Court denied his leave to appeal. (Amended Answer, Ex. J.)

On July 9, 1996, Petitioner filed the instant petition for writ of *habeas corpus*. (Petitioner's Reply ¶ 6.) Petitioner raises 22 grounds for relief.[3] (*Id.*) As noted earlier, the

---

[3] As noted, the parties to this case agree that Petitioner's claims may be grouped into three categories. For completeness, the court here sets forth twenty-two grounds for relief identified by Petitioner: (1) evidence at trial was insufficient to support a conviction; (2) Petitioner's prior conviction of attempted murder is not a Class X felony as required by the Act; (3) the Act does not provide adequate notice that a habitual offender finding would
(continued...)

22 grounds fall within three categories: (1) sufficiency of the evidence; (2) effectiveness of

counsel's advice concerning the Illinois Habitual Criminal Act; and (3) the constitutionally

---

[3](...continued)
be sought; (4) the Act unconstitutionally vests the sentencing function in the prosecutor; (5) the Act violates the Illinois and United States Constitution in that it imposes life sentences without consideration of the offender's personal characteristics and the seriousness of the offense; (6) the trial judge violated the Act and due process by failing to directly address defendant and inform him of his right to an habitual offender hearing; (7) the State failed to inform Petitioner or his attorney, until the day of sentencing, that the Prosecutor would seek an habitual offender finding; (8) Petitioner was denied effective assistance of counsel when counsel advised him to turn down the State's offer of a plea bargain under which Petitioner would plead guilty in return for a 35-year sentence based on the mistaken belief that defendant could not receive a sentence longer than 40 years at trial; (9) Petitioner was denied effective assistance of counsel because counsel advised him to forego a jury trial and take a bench trial because the judge would not "waste" the Petitioner if found guilty; (10) the Act violates the Illinois and United States Constitution in that it imposes life sentences without consideration of the offender's personal characteristics and the seriousness of the offense; (11) the Act unconstitutionally violates the separation of powers doctrine because it vests absolute sentencing discretion in the prosecutor; (12) the Act was unlawfully amended to permit the use of felonies committed prior to the effective date of the original statute; (13) Petitioner was denied effective assistance of counsel and due process of law when his attorney failed to inform Petitioner that he was eligible for the habitual criminal finding; (14) the Act is ambiguous as to whether a life sentence is mandatory; (15) Petitioner was denied effective assistance of counsel and due process of law because his attorney never informed Petitioner he was eligible for a habitual criminal finding; (16) Petitioner was denied effective assistance of counsel in that Petitioner's attorney never consulted him regarding the validty of his prior convictions; (17) Petitioner was denied effective assistance of counsel when Petitioner's attorney failed to request a continuance in the habitual offender proceedings to permit investigation of the prior convictions; (18) Petitioner was denied effective assistance of counsel and due process of law when his attorney misadvised him prior to trial of the consequences of his decision not to plead guilty; (19) Petitioner was denied effective assistance of counsel and right to trial by jury where Petitioner unknowingly waived a jury trial based on attorney's advice regarding sentencing possibilities; (20) Petitioner's earlier conviction (December 14, 1976) was based upon an involuntary guilty plea; (21) Petitioner's earlier conviction (May 12, 1969) was based upon an involuntary guilty plea; (22) the Act results in cruel and unusual punishment because prosecutor is vested with total discretion as to which defendants to pursue.

or application of the Act. (Amended Answer ¶ 10; Petitioner's Reply ¶ 6.)

## DISCUSSION

I.   Standard of Review

The federal *habeas corpus* statute, 28 U.S.C. § 2254, provides that a district court will consider a petition for a writ of *habeas corpus* presented by an individual "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before it can review the merits of Petitioner's claims, the court must first ascertain whether Petitioner has exhausted his state remedies and avoided procedural default under state law. *See* 28 U.S.C. § 2254(b)(1)(4).

A.   Exhaustion and Procedural Default

Petitioner is not entitled to federal *habeas* relief unless he exhausted all available remedies and fairly presented his constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A),(c); *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See also Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (*habeas* relief should be denied if the state courts did not have a "full and fair opportunity" to resolve a petitioner's claims.) If Petitioner fails to satisfy these requirements, the petition is barred either for a failure to exhaust state remedies or for procedural default. *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988). Respondent concedes that Petitioner

exhausted his state remedies, but argues that Petitioner's claims are procedurally defaulted.

The procedural default inquiry focuses on whether the petitioner's federal claims were "fairly presented" to the state courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Procedural default occurs when a petitioner fails to assert a claim that could have been brought in state court and the time for doing so has passed. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). In *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999), the Supreme Court held that to satisfy the procedural default requirement, a state prisoner must present all claims to a state supreme court in a petition for discretionary review. *Id.* *Boerckel* mandates that the Petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 1732.

In his Petition for Leave to Appeal to the Illinois Supreme Court during his direct appeal, Petitioner raised only three issues: (1) the Act is unconstitutional because it does not provide adequate notice that a defendant is eligible to be sentenced to life in prison without parole and does not require the prosecution to prove the prior conviction beyond a reasonable doubt; (2) the Act unconstitutionally places sentencing power in the hands of the prosecutor; and (3) the Act unconstitutionally forbids consideration of an offender's personal characteristics and the circumstances of the offense. (Amended Answer, Ex. B.)

A petition for post-conviction review in Illinois is available "to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously." *People v. Evans*, 186 Ill.2d 83, 89, 708 N.E.2d 1158,

7

1161 (1999) ("issues that could have been presented on direct appeal, but were not, are deemed waived"). Petitioner raised eight claims in his post-conviction petition. On appeal to the Illinois Appellate Court from the dismissal of that petition, however, Petitioner raised only one claim: the involuntariness of his jury waiver. (Amended Answer, Exs. F, G.) The Illinois Appellate Court held that Petitioner had waived the question of whether his jury waiver was involuntary because he could have, but did not, raise that issue on direct appeal. (Amended Answer, Ex. H.) *Id.* When a state court specifically relies on a state procedural default rule in declining to review a federal question, a federal court sitting in *habeas* corpus jurisdiction must accept that ruling as an adequate and independent state ground for decision of the issue. *Hicks v. Chrans*, 894 F.2d 928, 934 (7th Cir. 1990). Thus, Petitioner's claim that his jury waiver was involuntary is procedurally defaulted.

Of course, Petitioner may overcome a procedural default by showing cause for the default and actual prejudice as a result of the alleged violation, or by showing that the failure to address the claims will result in a fundamental miscarriage of justice. *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). Petitioner has provided no excuses for his default, except for an inadequate bald assertion that he has "shown cause and prejudice." (Petitioner's Reply, at 5.) Nor does Petitioner satisfy the fundamental miscarriage of justice exception, which requires a claim that the defendant is actually innocent of the crime for which he or she is imprisoned. *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19 (1992). To meet this high bar, the petitioner must show that the constitutional error "probably" resulted in the conviction of one who was actually innocent, or in other words, that it is more likely

than not than no reasonable juror would have convicted him absent the alleged error. *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). Petitioner neither presents an argument nor alleges any facts to suggest that a constitutional violation occurred. Lacking such support, Petitioner's claim cannot satisfy the high bar of the fundamental miscarriage of justice exception.

Following the recent United States Supreme Court in *Boerckel*, this court may address only those three issues which Petitioner presented to the Illinois Supreme Court in his petition for leave to appeal on direct appeal. Thus, only the three claims Petitioner brought in his Motion for Leave to Appeal to the Illinois Supreme Court are eligible for federal *habeas* review. The court will therefore address claims 3, 4, 5, 10, 11, and 22.[4]

B.     **Merits**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which amended the standard of review applied to state court judgments in § 2254 proceedings. Since Petitioner filed his *habeas* petition on July 9, 1996, following the enactment of the AEDPA, the court will apply the amended standards set forth in AEDPA to Petitioner's claims for

---

[4] In Claim 3 Petitioner asserts that the Act is unconstitutional because it does not provide adequate notice that a defendant is eligible to be sentenced to life in prison without parole. In Claim 4 Petitioner asserts that the Act unconstitutionally places sentencing power in the hands of the prosecutor, thus violating the doctrine of separation of powers. In Claim 5 Petitioner asserts that the Act unconstitutionally forbids consideration of an offender's personal characteristics and the circumstances of the offense by mandating the imposition of a life sentence. Claim 10 is the same as Claim 5 and Claim 11 is similar to Claim 4. Claim 22 combines the claims of Claim 4 and Claim 5.

federal relief. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Under the standard of review mandated by AEDPA, any claim adjudicated by a state court is governed by 28 U.S.C. § 2254(d), under which *habeas* relief may be awarded only when the state court's adjudication of a petitioner's claim either resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1-2). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir.), *cert. denied*, 522 U.S. 819, 118 S. Ct. 72 (1997).

Petitioner's remaining claims all deal with the Illinois Habitual Criminal Act. Under that Act, a person who has been convicted twice previously of criminal sexual assault, murder, or another offense classified as a Class X felony, and who is again convicted of one of these offenses shall be sentenced to life in prison as an habitual criminal upon a finding of guilty of the most recent offense. Ill. Rev. Stat. 1983, Ch. 38, § 33B-1 (now 720 ILCS 5/33B-1 (West 1996)). Specifically, Petitioner claims that the Act unconstitutionally fails to provide adequate notice that a defendant is eligible to be sentenced to life in prison without parole. According to Petitioner, this deficiency in the statutory notice requirement and the lateness of notice violates the due process clause of the United States and Illinois Constitutions. (Petition ¶ 3.)

10

On direct appeal, the Illinois Appellate Court considered and rejected this claim. The Illinois Court cited Supreme Court precedent of *Oyler v. Boles*, 368 U.S. 448, 452 (1985). *Oyler* held that due process does not require that a defendant be given advance notice that he will be subject to an habitual criminal proceeding after his trial on the substantive offense; however, the defendant must be given reasonable notice and opportunity to prepare a possible defense against receiving such a sentence. *Id.* Citing *Oyler*, the Illinois Appellate Court stated in Petitioner's case that "due process does not require advance notice that the trial on the substantive offense will be followed by a habitual criminal proceeding, although a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge." (Amended Answer, Ex. A.) The Illinois Appellate Court noted that Petitioner had been put on notice that he was subject to all possible penalties applicable to his conviction for murder, that the sentencing hearing took place nearly a full month after his conviction, and that he was given an opportunity to attack the validity of his prior convictions but was simply unable to do so. In this court's view, the state court reasonably applied the Supreme Court precedent.

Petitioner next claims that the Act improperly violates the separation of powers because it vests absolute sentencing discretion in the prosecutor. (Petition ¶¶ 4, 11, 22.) In Petitioner's view, the statute removes all of the sentencing authority traditionally reserved to judges and grants that authority to the prosecutor. Petitioner further argues that the statute gives the prosecutor absolute discretion as to whom he wishes to sentence to life imprisonment, and gives the prosecutor no standards or other guidance in making this

11

decision, allowing him, at his whim, to sentence one person to spend the rest of his life in prison while another serves only a term of years. Citing to its own earlier opinions, the Illinois Appellate Court considered that argument, but rejected it also, noting that the statute applied to every defendant who met the Act's criteria, and that the Act did not violate the separation of powers doctrine with regard to judicial sentencing power. (Amended Answer, Ex. A, at 115-16) (citing *People v. Mason*, 119 Ill. App. 3d 516, 456 N.E.2d 864 (3d Dist. 1983) and *People v. Withers*, 115 Ill. App. 3d 1077, 450 N.E.2d 1323 (1st Dist. 1983)). While none of these state court opinions cited United States Supreme Court precedent to support their rulings on these issues, it is Petitioner's burden to establish that the state court ruling was contrary to or an unreasonable application of Supreme Court doctrine. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Inasmuch as Petitioner has cited to no Supreme Court cases to support his claim on these issues, his claim necessarily fails. Notably, in *Rummel v. Estelle*, 445 U.S. 263 (1980), the Court upheld a recidivist statute, holding that it is within the power of a state legislature to specify a sentence for repeat offenders.

Lastly, Petitioner complains that the Act is unconstitutional in that the Act does not allow for consideration of mitigating factors in determining a sentence. (Petition ¶¶ 5, 10, 22.) Again, the state court considered and rejected these claims and Petitioner has cited no Supreme Court precedent showing that the state court's ruling was contrary to or unreasonable in light of Supreme Court precedent. In fact, Supreme Court precedent strongly supports the state court's holding. *See Rummel v. Estelle*, 445 U.S. 263 (1980). In *Rummel*, the Supreme Court upheld a Texas recidivist statute, noting that repeat offenders

12

are sentenced under such statutes only after the offenders have repeatedly committed serious offenses and shorter terms of imprisonment have proven ineffective. *Id.* The Court stated,

> The purpose of a recidivist statute . . . is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes . . . .

*Id.* The Court further stated that the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time the recidivist will be isolated from society are largely matters within the discretion of the punishing jurisdiction. *Rummel*, 445 U.S. at 278 n.17, 284-85.

Likewise, an earlier Illinois Appellate Court opinion relied upon by the state court in the instant case cited *Rummel* to reject claims that the Act improperly did not allow for the consideration of mitigating factors. *Withers*, 115 Ill. App. 3d at 1090-91, 450 N.E.2d at 1331-33. The *Withers* court reasoned that since a defendant must have been thrice convicted of a Class X felony to even qualify under the Act, the first two adjudications afford the defendant ample opportunity to present mitigating evidence. *Id.* The court further explained that upon the third Class X felony conviction, the presence of any mitigating factor is outweighed by society's interest in being protected from criminal conduct. *Id.* Given the holding in *Rummel*, and the Illinois Appellate Court's reliance on *Withers*, the court concludes that the state court's determination does not reflect an unreasonable application of clearly established

Federal law.

## CONCLUSION

For the foregoing reasons, the court concludes that all of Petitioner's claims for *habeas* relief filed pursuant to 28 U.S.C. § 2254 are either barred by the doctrine of procedural default or lack merit. Consequently, Petitioner's application for federal *habeas* relief is dismissed and the writ denied.

ENTER:

Dated: August 31, 2000

REBECCA R. PALLMEYER
United States District Judge